Terrance ROBINSON and Tamagum Antonio
Robinson *v.* STATE of Arkansas

CR 01–351                                    64 S.W.3d 754

Supreme Court of Arkansas
Opinion delivered January 31, 2002

*Roy Lewellen*, for appellants.

*Fred Thorne*, for appellee.

PER CURIAM. On October 11, 2001, this court issued a *per curiam* directing the Supreme Court Clerk to accept a substituted copy of the trial transcript in this matter when all of the attorneys of record certify to the Clerk by affidavit that the trial transcript is true, accurate, and complete. *Robinson v. State*, 346 Ark. 266, 57 S.W.3d 162 (2001) (*per curiam*). We further directed the attorneys of record to reconstruct the record in the appeal, including trial exhibits, and certify in the same affidavit that the full record with the transcript and exhibits was accurate and complete. *Id.*

On October 26, 2001, attorney for the appellants filed a "Certification" and stated that the trial transcript was complete but that the thirteen trial exhibits are "presumed lost." On November 7, 2001, the deputy prosecuting attorney filed an affidavit approving the trial transcript and stating in part: "If requested, I will attempt to reconstruct the trial exhibits."

On December 6, 2001, we again directed counsel of record to reconstruct the trial exhibits, as they appeared pertinent to this appeal, and certify the same to this court by affidavit. We stated that this must be done within thirty days from the date of this *per curiam*. *Robinson v. State*, 347 Ark. 231, 60 S.W.3d 484 (2001) (*per curiam*).

On January 3, 2002, the deputy prosecuting attorney, Fred Thorne, filed his affidavit with a packet of reconstructed exhibits with this court. To date, defense counsel, Roy Lewellen, has again failed to comply with this court's order concerning reconstruction of the exhibits for purposes of his clients' appeal.

We order Mr. Lewellen to appear before this court at 9:00 a.m. on February 14, 2002, to show cause why he should not be held in contempt for failing to comply with this court's order regarding certification of the reconstructed exhibits.